UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| NATALIE KONRICK | CIVIL ACTION |
| VERSUS | NO: 14-524 |
| EXXON MOBIL CORPORATION, AND CHALMETTE REFINING, LLC | SECTION: R |

## ORDER AND REASONS

Defendants Exxon Mobil Corporation and Chalmette Refining, LLC move for summary judgment on plaintiff Natalie Konrick's claims.[1] Because plaintiff cannot prove causation, the Court grants defendants' motion.

## I.  BACKGROUND

Between January and April 2013, plaintiff worked as a security guard at the Exxon Chalmette Refinery. Plaintiff, who was pregnant during her term of employment, was charged with various tasks, including checking crew members' identification badges and bags as they entered the refinery. On April 9, 2013, plaintiff experienced pelvic pressure, decreased fetal movement, and vaginal leakage and was admitted to the hospital. The following day,

---

[1] R. Doc. 36.

plaintiff's doctor induced labor, and plaintiff delivered a stillborn child. Plaintiff sued Exxon Mobil Corporation and Chalmette Refining, LLC, alleging that the negligence of these companies exposed her to benzene and hydrogen sulfide and that these substances caused her stillbirth delivery. In support, plaintiff proffered as an exposure expert forensic meteorologist David Mitchell, whose expert report expanded the list of chemicals at issue. Using a mathematical model, Dr. Mitchell estimated the maximum concentration of various substances in the air as a result of emissions within the refinery. Based on this analysis, Dr. Mitchell concluded that plaintiff was occupationally exposed to "significant" or "non-zero" levels of benzene and hydrogen sulfide, as well as toluene, ethyl-benzene, xylene, and other chemical compounds.

To show general causation--that benzene, hydrogen sulfide, and the other substances identified in Dr. Mitchell's report can cause stillbirths--plaintiff offered the opinions of three medical experts: Drs. Robert Harrison, Cynthia Bearer, and Laurel Waters. The Court excluded all three experts' general causation opinions as unreliable. Defendants move for summary judgment, arguing that plaintiff's claims must fail because she cannot prove general or specific causation without this expert testimony.

## II. LEGAL STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–399 (5th Cir. 2008). The Court must draw reasonable inferences in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (quoting 10B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Civil § 2738 (2d ed. 1983)).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence that would entitle it to a directed verdict if the evidence went uncontroverted at trial." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264–65 (5th Cir.

1991) (quotation marks removed). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324.

The nonmovant may not rest upon the pleadings but must identify specific facts that establish a genuine issue for trial. *Id.*; *see also Little*, 37 F.3d at 1075 ("Rule 56 'mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'") (quoting *Celotex*, 477 U.S. at 322).

## III. DISCUSSION

In a toxic tort suit, the plaintiff must present admissible expert testimony to establish general causation and specific causation. *Knight v. Kirby Inland Marine, Inc.*, 482 F.3d 247, 351 (5th Cir. 2007) (quoting *Merrell Dow. Pharm., Inc. v. Havner*, 953 S.W.2d 706, 714 (Tex. 1997)); *see also Seaman v. Seacor Marine LLC*, 326 F. App'x 721, 723 (5th Cir. 2009) (per curiam) (In a toxic tort suit, the plaintiff "cannot expect lay fact-finders to understand medical causation; expert testimony is thus required to established causation."). Evidence of specific causation is admissible only if there is evidence of general causation. *Knight*, 482 F.3d at 351.

Here, the Court excluded each of plaintiff's general causation opinions because it found them to be unreliable. Because plaintiff proffers no admissible evidence on general causation, she may not present evidence on specific causation. *Id.* Because plaintiff cannot make the requisite showing on causation, the Court grants defendants' motion for summary judgment.

5

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motion for summary judgment.

New Orleans, Louisiana, this  4th  day of February, 2016.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE